**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5115**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

CARLOS TEJADA,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Solomon Blatt, Jr., Senior
District Judge.  (2:08-cr-01155-SB-6)

_____

Submitted:  August 25, 2011　　　　Decided:  September 6, 2011

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, Peter T. Phillips, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Carlos Tejada was convicted of one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A); 846 (West 1999 & Supp. 2011), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C.A. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), 1957, 2 (West 2000 & Supp. 2011). On appeal, Tejada argues that the district court erred by denying his motion to suppress evidence seized from his home. He also contends that the district court erred by allowing the Government to introduce statements of an unavailable co-conspirator, and by not allowing him to display his tattoos to the jury during closing argument. Finding no error, we affirm.

We first address Tejada's challenge to the denial of his motion to suppress evidence seized from his apartment. Tejada claims that the affidavit filed in support of the search warrant was filled with inaccuracies and unreliable information supplied by a co-conspirator. He states that the Government was aware that some of the information provided by the co-conspirator was false. He also notes that the co-conspirator later admitted lying to law enforcement when he gave information implicating Tejada.

2

This court reviews the factual findings underlying a district court's ruling on a motion to suppress for clear error and the district court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government, the prevailing party below. Id.

We conclude that the district court did not err in denying Tejada's motion to suppress. The co-conspirator's statements that were used in the affidavit in support of the warrant were for the most part corroborated by the police investigation. Furthermore, to the extent the information was inaccurate, there is no evidence that law enforcement was aware that the statements being used in the affidavit were not true. Even if the affidavit misrepresented Tejada's criminal history, the district court did not err in finding the misrepresentation immaterial to the probable cause determination.

We next address Tejada's challenge to the admission of evidence at his trial. The Government was permitted over Tejada's objection to introduce statements made by an unavailable co-conspirator as statements made during the course of and in furtherance of the conspiracy. Tejada claims that the evidence was insufficient to support a finding that he and the declarant were co-conspirators. He also claims the statements

were testimonial in nature and therefore inadmissible absent an opportunity to cross-examine the declarant.

A statement is not hearsay if it is offered against the defendant and is a statement of a co-conspirator made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). For a statement to be admissible under Rule 801(d)(2)(E), there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987) (internal quotation marks omitted). Accordingly, when the Government shows by a preponderance of the evidence that (i) a conspiracy existed of which the defendant was a member, and (ii) the co-conspirator's statement was made in furtherance of the conspiracy, the statement is admissible. United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996). This court reviews the trial court's admission of evidence for abuse of discretion. United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

We conclude that there was sufficient evidence showing that the declarant and Tejada were participants in a conspiracy, and the statements were made in furtherance of that conspiracy. Several witnesses testified as to the declarant's and Tejada's roles in the conspiracy. To the extent that Tejada challenges

4

the sufficiency of the evidence showing his and the declarant's participation in the conspiracy, this argument is without merit.

The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004).. For such evidence to be excludable under the Confrontation Clause, it must be "testimonial," United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008), and offered for the truth of the matter asserted, Crawford, 541 U.S. at 59-60 n.9. The Supreme Court indicated in Crawford that many hearsay exceptions "covered statements that by their nature were not testimonial--for example, business records *or statements in furtherance of a conspiracy*." 541 U.S. at 56 (emphasis added). "We review alleged Confrontation Clause violations under the *de novo* standard of review." United States v. Lighty, 616 F.3d 321, 376 (4th Cir. 2010), cert. denied, 131 S. Ct. 846 (2010).

For the reasons explained above, the district court did not err in finding the statements represented those of a co-conspirator made in furtherance of the conspiracy. It follows that the statements were not testimonial. See United States v. Sullivan, 455 F.3d 248, 258 (4th Cir. 2006). Consequently, the

5

district court did not err in admitting the statements despite the declarant not being available for cross-examination.

We next address Tejada's challenge to the district court's refusal to allow him to display his tattoos during closing argument. During Tejada's closing argument, counsel wanted Tejada to roll up his sleeves and show his tattoos to the jury in an attempt to raise questions about the credibility of one of the Government's main witnesses. The district court sustained the Government's objection to the display.

Closing argument is limited to the facts in evidence. Lighty, 616 F.3d at 361. It is not the time to introduce facts not already admitted into evidence. United States v. Waldemer, 50 F.3d 1379, 1383 (4th Cir. 1995). When a defendant seeks to display some physical attribute of his person to a jury for purposes of supporting his case, the demonstration qualifies as evidence sought to be introduced. United States v. Williams, 461 F.3d 441, 446 (4th Cir. 2006). We review a district court's evidentiary determinations for abuse of discretion. Id. at 445.

In the present case, Tejada was seeking to introduce new evidence showing the presence of prominent tattoos on his arms with the intention of casting doubt upon a witness' testimony. Instead of presenting this evidence during his case in chief, Tejada sought to have the evidence introduced during his closing argument, contrary to established rules of trial

6

procedure.  We find the district court did not abuse its discretion in denying Tejada the opportunity to show his tattoos to the jury during his counsel's closing argument.

Accordingly, we affirm the judgment of conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED